## COY v LURIE

Ohio Appeals, 1st Dist, Hamilton Co.

Nos. 5650 & 5651. Decided Nov. 20, 1939

Connolly & Connolly, Cincinnati, and Henry E. Beebe, Cincinnati, for appellant.

Dolle, O'Donnell & Cash, Cincinnati, for appellee.

## OPINION

By HAMILTON, PJ.

These two appeals are here on questions of law from the judgment of the Court of Common Pleas of Hamilton County, Ohio.

The action below was based upon a series of claimed tortious acts committed on the person of the plaintiff by the defendant, injuring the plaintiff in body, mind and property, damaging him in the sum of $50,000.00.

The question here is the right of the plaintiff to maintain this action against the defendant, he having, prior to the filing of this law suit, obtained a judgment against one Pearl Elswick, an associate of the defendant, Lurie, for the same tortious acts and the same injuries.

The trial court sustained a demurrer to plaintiff's reply, sustained a motion to strike the third amended petition from the files, and, plaintiff, not desiring to plead further, the court, apparently, on the pleadings rendered judgment for the defendant, holding that plaintiff had received full satisfaction for his damages in his case against Elswick and was, therefore, not entitled to maintain this action against Lurie. Was this ruling correct?

That is the question before us.

It is the law that where a party has received full satisfaction and compensation for an injury inflicted, no matter from which one of several tort-feasors, all are thereby released. **Railway Co. v Nickel, 120 Oh St 133; Poehl v Traction Co., 20 Oh Ap 148.**

The cases are not uniform in their holdings as to when "full satisfaction" is had. In the Poehl case, this Court held, under the facts of the case, that the question should have been submitted to the jury.

In the Nickel case, the Supreme Court held that "* * * where the amount of damages sustained is determined by the jury and a judgment rendered thereon against one defendant, the payment of the judgment and the receipt thereof by plaintiff releases both defendants."

It is sought by appellant to distinguish the Nickel case from the one at bar, by reason of the fact that both joint tort-feasors were sued jointly. One of the parties, however, secured a new trial and, therefore, stood alone as to further proceedings in the case. The principle is not different. The question is, was there full satisfaction for the injury and damage?

The amended answer sets up the petition, answer, and judgment in the suit against Elswick. The tortious acts, injuries, and damage are the same as pleaded in the case at bar. For that injury and damage the jury returned a verdict for plaintiff for $35.000.00. Certainly, this was a finding by the jury of plaintiff's damage in full and was awarded as full compensation therefor.

True, a remittitur was required by the trial court, which plaintiff accepted and judgment was entered on the verdict for the amount in excess of the amount remitted. This acceptance of a remittitur did not in any way affect the full satisfaction and compensation character of the judgment recovered, paid, and received by plaintiff.

Under the law as we view it, and upon the authority of Railway Co. v Nickel, **supra**, the judgment is affirmed.

MATTHEWS, J., concurs.

ROSS J., concurs in separate memorandum.

ROSS, J., concurring:

These appeals involve the consideration of one judgment of the Court of Common Pleas, striking a third amended petition as frivilous.

This requires a consideration of what occurred in the case previous to this action. The question presented by this examination of the pleadings and action of the court thereon develops a contention upon the part of the plain-

tiff that the instant action is not the same action set up by the defendant in its pleading, and which defendant asserts went to judgment and was satisfied.

It is apparent from an examination of the plaintiff's pleading in the instant case and the one which reached a judgment, which was finally satisfied, that in the instant case there is a cause of action stated for malpractice. This cause of action was not stated against the other defendant and could not, therefore, have been satisfied.

The difficulty, however, is that there is not stated in the instant petition any tortious act which caused damage to the plaintiff, for which he was not compensated in the action which reached judgment.

While technically, therefore, the instant cause of action has not been satisfied, there remains no allegation of any injury for which the plaintiff has not received compensation.

The mere advice of the physician was harmless, if the subsequent attacks and false imprisonment resulting therefrom be ignored.

For these reasons, I concur in the judgment of the court.