McCRORY ET AL., APPELLEES AND CROSS-APPELLANTS, *v.* CHILDREN'S HOSPITAL ET AL., APPELLEES; VECOZOLS, APPELLANT AND CROSS-APPELLEE.

(No. 85AP-777 — Decided
March 11, 1986.)

*Michael F. Colley Co., L.P.A.,*
*Michael F. Colley* and *Catherine E.*
*Blackburn,* for appellees and cross-
appellants.

*Porter, Wright, Morris & Arthur*
and *James S. Olephant,* for appellees.

*Bricker & Eckler, James S.*
*Monahan* and *Kent D. Stuckey,* for ap-
pellant and cross-appellee.

MOYER, P.J. This matter is before
us on the appeal of defendant-appellant,
Aivests L. Vecozols, M.D., and on the
cross-appeal of plaintiffs-appellees and
cross-appellants, Dorothy McCrory and
Edward McCrory, from judgments of
the Franklin County Court of Common
Pleas overruling motions by both parties
to reconsider prior decisions on motions
for summary judgment.

Aspects of this case, which involves
tort claims for medical malpractice,
have been before the courts of this state
for nearly ten years. On July 29, 1976
and October 27, 1976, respectively,
plaintiffs filed suit in common pleas
court and in the Court of Claims for the
state of Ohio against, among others, Dr.
Vecozols.

The common pleas court dismissed
plaintiffs' complaint otherwise than on
the merits without prejudice pursuant to
R.C. 2305.19.

The Court of Claims dismissed Dr.
Vecozols as a party to that action in ac-
cordance with Civ. R. 41(A)(1)(a), which
provides for voluntary dismissal of a
defendant by the plaintiff.

The action in the Court of Claims
proceeded to trial and a final decision
was rendered against the state of Ohio
and the Ohio Youth Commission. Plain-
tiffs then refiled their action in the
Franklin County Court of Common
Pleas against, among others, Dr. Ve-
cozols.

Dr. Vecozols filed a motion for sum-
mary judgment on *res judicata* and col-
lateral estoppel grounds based upon the
decision of the Court of Claims rendered
July 13, 1979.

On April 19, 1982, the common pleas
court overruled the defendant's motion
for summary judgment, finding *res*
*judicata* did not bar plaintiffs' action,
but that collateral estoppel did apply to
prevent relitigation of two issues of
proximate causation decided adversely
to plaintiffs by the Court of Claims:

"This Court finds that the following
issues were actually and necessarily
litigated and determined in the prior
cause of action against the Ohio Youth
Commission:

"1) Whether Edward McCrory's
condition of diffuse residual central ner-
vous system dysfunction was proxim-
ately caused by dilantin toxicity.

"2) Whether Dorothy McCrory's
undertaking of the complete care and
custody of her son, Edward, which care
entails full-time nursing and supervi-
sion, was proximately caused by dilantin
toxicity.

"Plaintiffs had full and fair oppor-
tunity to litigate these issues, which
were determined adversely to them, in
the Court of Claims case. Therefore,
Plaintiffs are precluded from relitiga-
ting these issues with Defendant
Vecozols, a stranger to the Court of
Claims case, under the doctrine of issue
preclusion as enunciated in *Hicks* v. *De*
*La Cruz,* 52 Ohio St. 2d 71 [6 O.O.3d
274] (1977)."

Thereafter, plaintiffs and defendant both filed motions to reconsider the decision of April 19, 1982, the defendant again arguing for summary judgment and the plaintiffs seeking relief from the effects of the ruling on collateral estoppel.

Those motions were both overruled by a decision which noted that issues of negligence "beyond the Dilantin issue" are factual issues which remain for trial.

Thereafter, plaintiffs and defendant filed new motions for summary judgment which were overruled by a decision dated February 19, 1985 indicating dispositive factual issues still existed.

Renewed motions for reconsideration of the decision of April 19, 1982, and the decision of February 19, 1985, were filed by both parties.

Again, the common pleas court overruled the motions for reconsideration in a decision dated August 21, 1985. The court reiterated that "issues of fact exist which preclude resolution by summary judgment," and added "there is no just reason for delay." Dr. Vecozols appealed and plaintiffs cross-appealed.

Dr. Vecozols has briefed and argued two contentions of "law and argument" which, pursuant to App. R. 12(A) and 16(A)(2), will be treated as assignments of error, and are stated as follows:

"I. The doctrine of res judicata requires that plaintiffs' case be dismissed against Dr. Vecozols.

"II. As [to Dr. Vecozols' status as an] independent contractor, the Court of Claims' judgment stands as satisfaction of plaintiffs' claims, thereby releasing and barring further action against Dr. Vecozols."

Plaintiffs argue two assignments of error in support of their cross-appeal:

"I. The court below erred when it applied the doctrine of collateral estoppel (the 'issue preclusion arm' of res judicata) to the present action because application of collateral estoppel to the present action denies plaintiffs their constitutional right to trial by jury.

"II. The court erred when it applied the doctrine of collateral estoppel to the present action because the present action involves parties who are neither identical to nor in privity with parties to the prior action."

The parties raise issues of law as to the scope and effect of the doctrine of res judicata and the principle of collateral estoppel.

To facilitate our discussion, we will consider the assignments of error in this order: defendant's first assignment of error, plaintiffs' second and first cross-assignments of error, and defendant's second assignment of error.

The Ohio Supreme Court, in *Whitehead* v. *Gen. Tel. Co.* (1969), 20 Ohio St. 2d 108, at 112, [49 O.O.2d 435], defined *res judicata* and collateral estoppel as follows:

"The doctrine of *res judicata* involves two basic concepts. *Norwood* v. *McDonald* (1943), 142 Ohio St. 299 [27 O.O. 240], 52 N.E. 2d 67. First, it refers to the effect a judgment in a prior action has in a second action based upon the same cause of action. The Restatement of the Law, Judgments, Section 45, uses the terms 'merger' and 'bar.' If the plaintiff in the prior action is successful, the entire cause of action is 'merged' in the judgment. The merger means that a successful plaintiff cannot recover again on the same cause of action, although he may maintain an action to enforce the judgment. If the defendant is successful in the prior action, the plaintiff is 'barred' from suing, in a subsequent action, on the same cause of action. The bar aspect of the doctrine of *res judicata* is sometimes called 'estoppel by judgment.' Restatement of the Law, Judgments, Section 45, comment (b).

"The second aspect of the doctrine of *res judicata* is 'collateral estoppel.' While the merger and bar aspects of *res judicata* have the effect of precluding a

plaintiff from relitigating the same cause of action against the same defendant, the collateral estoppel aspect precludes the relitigation, in a second action, of *an issue* that has been actually and necessarily litigated and determined in a prior action which was based on a different cause of action. Restatement of the Law, Judgments, Section 45, comment (c), and Section 68 (2); *Cromwell* v. *County of Sac* (1876), 94 U.S. 351. In short, under the rule of collateral estoppel, even where the cause of action is different in a subsequent suit, a judgment in a prior suit may nevertheless affect the outcome of the second suit." (Emphasis *sic.*)

The syllabus holdings of *Whitehead* v. *Gen. Tel. Co., supra,* restate the requirement that the doctrine of *res judicata* and the principle of collateral estoppel operate only where there is a mutuality of parties:

"1.   A final judgment * * * is a complete bar to any subsequent action upon the same cause of action between the parties or those in privity with them. The prior judgment is *res judicata* as between the parties or their privies. (Paragraph No. 1 of the syllabus of *Norwood* v. *McDonald,* 142 Ohio St. 299 [27 O.O. 240], approved and followed.)

"2.   * * * [A] point of law or a fact which was actually and directly in issue in the former action, and was there passed upon and determined by a court of competent jurisdiction, may not be drawn in question in a subsequent action between the same parties or their privies. The prior judgment estops a party, or a person in privity with him, from subsequently relitigating the identical issue raised in the prior action. (Paragraphs Nos. 2 and 3 of syllabus of *Norwood* v. *McDonald,* 142 Ohio St. 299 [27 O.O. 240], approved and followed.)"

These holdings have been repeatedly reaffirmed, recently in *Goodson* v. *McDonough Power Equip., Inc.* (1983), 2 Ohio St. 3d 193, and *Trautwein* v. *Sorgenfrei* (1979), 58 Ohio St. 2d 493 [12 O.O.3d 403]. Therefore, it is necessary to the application of *res judicata* and collateral estoppel that the parties and issues be identified.

In his first assignment of error, Dr. Vecozols argues that *res judicata* should operate to bar plaintiffs' case against him.

The trial court overruled defendant's first motion for summary judgment on *res judicata* grounds because Dr. Vecozols was not a party to the first action before the Court of Claims. That is, he had been voluntarily dismissed by the plaintiffs prior to trial, and, therefore, the mutuality requirement was not met. When the trial court overruled defendant's second motion for summary judgment, it noted dispositive issues of fact remained for trial. We agree.

The decision of the Court of Claims does not include Dr. Vecozols as a party defendant and, thus, the requirement of mutuality is not met. Furthermore, certain dispositive factual issues do exist. For example, neither Dr. Vecozols' status as an employee, agent, or independent contractor, nor his role in treating Edward McCrory, was clearly established by the Court of Claims.[1]

---

[1] Page 1 of the Court of Claims' opinion states:

"During that period *agents* of the defendant Youth Commission, including an *individual defendant,* Dr. Aivests Vecozols, were responsible for Edward McCrory's medical care. * * * "

Page 18 of the opinion indicates:

"The Ohio Youth Commission and its *agents* and *employees* were responsible for the care and treatment, including medical care rendered to Edward McCrory during the period of his commitment to the Youth Commission.

" * * *

" * * * [T]he Youth Commission failed to take proper measures * * * despite the hospitalization recommendation of its *consultant psychiatrist* Dr. Aivests Vecozols * * *." (Emphasis added.)

Such determinations were not necessary to that decision, but affect his liability in the present case. Thus, there are additional facts which raise new material issues and which are relevant to certain issues previously decided. *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42 [15 O.O. 3d 53], paragraph two of the syllabus.

Accordingly, summary judgment on *res judicata* grounds was inappropriate, and defendant's first assignment of error is overruled.

Plaintiffs' second cross-assignment of error argues that the trial court's application of the principle of collateral estoppel was in error because the parties in the present case are neither identical to nor in privity with parties to the Court of Claims case. That is, there is no mutuality of parties.

The Supreme Court of Ohio reviewed the mutuality requirement in *Goodson, supra,* paragraph one of the syllabus, holding:

"In Ohio, the general rule is that mutuality of parties is a requisite to collateral estoppel, or issue preclusion. * * * "

The trial court below reconsidered its decision of April 19, 1982 on the parties' motions for summary judgment in light of the decision in *Goodson, supra,* rendered January 5, 1983. The trial court reaffirmed its determination that collateral estoppel precludes relitigation of certain issues litigated in the Court of Claims.

The court below distinguished *Goodson, supra,* where separate incidents raised the same issue concerning defendant's negligence in designing mass-produced items (cf. *Goodson, supra,* paragraph two of the syllabus), from the case at bar, where the same incident and same issue are raised in cases brought sequentially against alleged joint tort-feasors.

*Goodson, supra,* at 198-199, indicated that, although Ohio continues to require mutuality for the application of collateral estoppel, the court is " * * * willing to relax the rule where justice would reasonably require it."

The Supreme Court, in *Goodson, supra,* explained the prerequisites for relaxation of the rule of mutuality:

"This court in effect was stating in *Hicks* [v. *De La Cruz* (1977), 52 Ohio St. 2d 71 (6 O.O.3d 274)] that under those facts *where it was shown that the party defendant clearly had his day in court on the specific issue brought into litigation within the later proceeding,* the nonparty plaintiff could rely upon the doctrine of collateral estoppel to preclude the relitigation of that specific issue. We believe this exception to the principle of mutuality to be a proper one.

" * * *

"The main legal thread which runs throughout the determination of the applicability of *res judicata,* inclusive of the adjunct principle of collateral estoppel, is the *necessity of a fair opportunity to fully litigate* and to be 'heard' in the due process sense. Accordingly, *an absolute due process prerequisite to the application of collateral estoppel is that the party asserting the preclusion must prove that the identical issue was actually litigated, directly determined, and essential to the judgment in the prior action.* * * * " *Goodson, supra,* at 200-201. (Emphasis added.)

Although our rationale differs, we agree with the holding of the trial court that the plaintiffs have had their day in court on the specific issues (cited above) held to be tried in the Court of Claims. The identical issues were "actually litigated, directly determined and essential to the judgment in the prior action." We do not distinguish *Goodson, supra.* Rather, we recognize the general rule stated therein, and hold that this is an appropriate case in which to relax the general rule of mutuality of parties and permit collateral estoppel to preclude certain issues inherent in the plaintiffs' claims.

Plaintiffs have cited *State, ex rel.*

*Wallace,* v. *Tyack* (1984), 13 Ohio St. 3d 4, as additional support for requiring identity of parties before applying *res judicata* or collateral estoppel in malpractice actions.

We agree with the holding in *Tyack, supra,* in that the finding of negligence against the state does not preclude plaintiffs' suit against Dr. Vecozols. Determination of the ultimate issue of negligence of the state may have required different facts than will the issue of negligence of the doctor.

This case is distinguishable from *Tyack, supra,* however, as an exception to a general rule requiring identity of parties and issues prior to the application of the defense of collateral estoppel. *Goodson, supra; Hicks* v. *De La Cruz, supra.* The specific issues of proximate causation of plaintiffs' injury and damages due to dilantin toxicity were fully, fairly, and necessarily adjudicated "within terms of reasonable medical probability" in the Court of Claims. We find no error in the trial court's holding that collateral estoppel operates to prevent plaintiffs from relitigating these narrowly drawn issues of proximate causation.

In addition, we note that the policy basis for collateral estoppel, the conservation of judicial resources, is well-served. The Court of Claims noted on page 11 of its opinion:

"If the foregoing Findings of Fact are extended it is because the exhibits are voluminous. In considering the justice of this case we read over each hand or typewritten page, memorandum, note or form. * * * "

Accordingly, plaintiffs' second cross-assignment of error is overruled.

Plaintiffs' first cross-assignment of error argues further that application of the principle of collateral estoppel deprives them of the right to trial by jury on the issues.

*Goodson, supra,* at 201, also considered the effect of collateral estoppel on the right to trial by jury:

"In many cases within which a motion for summary judgment is presented relying upon collateral estoppel, there may well have been attendant elements in the prior cause which could materially have altered the prior judgment, in which event the common party to the prior cause should not be deprived of his right to a trial by jury in the new cause. Any such deprivation would be an infringement upon the right of the common party to a trial by jury. * * * "

Plaintiffs seek to obtain a trial by jury of the issues of proximate causation: whether injury (Edward McCrory's central nervous system dysfunction) and damages (costs of nursing and supervision required for his care) were proximately caused by dilantin toxicity.

These specific issues were necessary to the litigation in the Court of Claims, actually litigated, and directly determined. The issues were essential to counts one and three of plaintiffs' complaint in the Court of Claims, and plaintiffs had every incentive to litigate vigorously and fully. We have been given no reason to assume that there are elements or aspects of the present case which could materially alter the prior judgment on these narrow issues of causation.

The due process prerequisites to the application of collateral estoppel are present, see *Goodson, supra,* at 200-201, and the specific issues of causation precluded are identical to those previously litigated. Accordingly, plaintiffs' right to trial by jury is not offended and the first cross-assignment of error is overruled.

Defendant's second assignment of error argues that, if Dr. Vecozols is an independent contractor and thus owed a common duty to care for Edward McCrory, then the Court of Claims determined the liability for all of plaintiffs' injuries, and satisfaction of that judgment bars further action against Dr. Vecozols.

The defendant's conclusions argued in his second assignment of error

assume: that Dr. Vecozols has been determined to be a joint tortfeasor and an independent contractor; that plaintiffs' claim before the Court of Claims has resulted in complete merger of all claims for all injuries sustained by plaintiffs and caused by all defendants, including nonparty defendants; and that the judgment against the state has been satisfied.

In other words, defendant's arguments ignore the possibility that Dr. Vecozols could be responsible for independent acts of negligence and additional injuries, and that the judgment against the state may not have been satisfied.

Issues of fact and certain aspects of claims pleaded by plaintiffs which were not decided or precluded by the Court of Claims' decision remain for trial below. Dr. Vecozols' status with the state as an employee, agent, or independent contractor; his role in the negligent treatment of Edward McCrory and, thus, joint liability for damages found by the Court of Claims all remain clearly undecided. In addition, any separate liability for independent acts of negligence and injury, if having occurred, remains for determination. See *Tyack, supra.*

Furthermore, as a matter of law, plaintiffs' separate suit against Dr. Vecozols on a joint tortfeasor theory is not barred. Absent evidence indicating that the prior judgment has been satisfied, plaintiffs may sue joint tortfeasors in succession until the judgment is satisfied. *Davis* v. *Buckeye Light & Power Co.* (1945), 145 Ohio St. 172 [3 O.O. 372]; *Royal Indemnity Co.* v. *Becker* (1930), 122 Ohio St. 582; *Cleveland Ry. Co.* v. *Nickel* (1929), 120 Ohio St. 133; and *Coy* v. *Lurie* (App. 1939), 30 Ohio Law Abs. 497 [17 O.O. 426].

Accordingly, defendant's second assignment of error is not well-taken and is overruled.

All of the assignments of error and cross-assignments of error are overruled, and the trial court's disposition of the parties' motions to reconsider is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and REILLY, JJ., concur.