**D'Amico v. Stow**
*[Cite as 3 AOA 243]*

*Case No. 14131*
*Summit County, (9th)*
*Decided May 19, 1990*

James R. Graves, Attorney at Law, 57 Baker Blvd., Fairlawn, OH 44313, for Cross-Claimants-Intervenors.

David F. Parchem, Attorney at Law, The Dallas Bldg., 2217 E. Ninth St., Cleveland, OH 44115, for City of Stow.

CIRIGLIANO, J.

This is an appeal from a decision of the trial court granting summary judgment in favor of appellees, the City of Stow and the Stow councilpersons, in their official and individual capacities (Stow). The trial court determined that this action by appellants, Harriet and Kenneth Gillespie (Gillespie), pursuant to 42 U.S.C. Section 1983 had been resolved by a decision rendered in Gillespie's separate action based on a R.C. 2506 appeal and for declaratory judgment. The trial court held that *res judicata* barred Gillespie's constitutional rights when Stow rezoned Gillespie's property from C-2 (neighborhood retail) to R-2 (residential). We affirm.

### Facts

Gillespie owns 3.24 acres of property in Stow which was zoned C-2 or neighborhood retail. On April 4, 1985, Gillespie submitted to the Stow Planning Commission a site plan for a neighborhood retail center proposing to use this property to construct a dry cleaner/laundry, a bank and a restaurant. The Stow Planning Commission determined that Gillespie's proposed uses were appropriate and recommended a resolution to Stow City Council (Council) that Council approve, subject to Gillespie's agreement to certain conditions, a conditional zoning certificate.

The resolution of the Stow Planning Commission, incorporating these conditions, was submitted to Council. Many residents of the area, including Joseph D'Amico, opposed the retail center, waged a campaign against it and attended public hearings held by Council's planning committee.

On June 13, 1985, Council removed the resolution from its agenda because Gillespie refused to sign an agreement that he would comply with all conditions and terms as contained in the resolution. Gillespie sought a writ of mandamus in this court claiming that Stow's charter requires Council to vote on the merits of the resolution and that Stow's demand that Gillespie sign the agreement as a condition precedent to Council's action was impermissible. In granting the writ, we found that Gillespie's signature on the agreement was not a valid

precondition to Council's consideration of the resolution and ordered Council to place the resolution of first reading and to act with all due speed. *State, ex rel. Gillespie,* v. *Emahiser* (Oct. 16, 1985), Summit App. No. 12205, unreported.

While the writ of mandamus was pending in this court, Joseph D'Amico and other residents filed suit in common pleas court against the City of Stow and Council requesting a declaratory judgment to stop the construction of the retail center. While that D'Amico case was pending, Council complied with our mandate and placed the resolution on its agenda for November 14, 1985.

On November 14, 1985, prior to acting upon Gillespie's resolution, Council rezoned Gillespie's property from a neighborhood retail district to a residential R-2 district. Gillespie's proposal for the neighborhood retail center was denied because such a use was now impermissible in the newly rezoned residential district. Shortly thereafter, Gillespie was granted leave to intervene as a defendant in the *D'Amico* suit. As intervenor, Gillespie filed a cross-claim against Stow and a counter-claim against D'Amico, et al. based on anti-trust and conspiracy.

The state court dismissed the antitrust action on jurisdictional grounds. Subsequently, Gillespie filed a Section 1983, Title 42 U.S. Code action in United State District Court which was later dismissed without prejudice from the district court. Gillespie then sought leave amend his cross-claim in the *D'Amico* suit against Stow by adding as defendants all of the individual Stow Councilpersons in their individual and official capacities and to add a Section 1983 action alleging a violation of his civil rights, Gillespie alleged denial of substantive and procedural due process, denial of protection, a taking of his property without just compensation and impairment of contract. Gillespie sought compensatory and punitive damages, attorney's fees, a judgment declaring the rezoning ordinance unconstitutional and a permanent injunction. This supplemental cross-claim remained as the only viable cause of action in the *D'Amico* v. *Stow* suit.

Stow moved to dismiss this supplemental cross-claim based on *res judicata*, collateral estoppel and the statute of limitations and moved to strike the amendment to the complaint. The trial court denied the motion to strike and dismissed the supplemental cross-claim on the sole grounds that it was barred by the statute of limitations Gillespie appealed. *D'Amico* v. *Stow*

(July 20, 1988), Summit App, No. 13376, unreported.

In its cross-appeal, Stow argued that *res judicata* barred the Section 1983 action because the same allegations were made in the antitrust action, that the trial court erred in allowing Gillespie to amend his complaint and that Council was entitled to absolute legislative immunity. We sustained Gillespie's assignment of error on the basis of the savings statute, R.C. 2305.19 and reversed. In overruling each of Stow's assignment of error, we upheld the propriety of the trial court's action in denying the motion to strike. The case was remanded to trial court for a determination of whether Stow and the Councilpersons, in their official and individual capacities violated Gillespie's constitutional rights in rezoning the property. Stow did not appeal.

Meanwhile, Gillespie sought to challenge Stow's rezoning action in an administrative appeal and declaratory judgment action. On November 15, 1985, Gillespie filed and appeal to the common pleas court pursuant to R.C. Chapter 2506. He alleged in this R.C. 2506 notice of appeal that the denial of the site plan was against the *manifest weight of the evidence*, contrary to law and violated his federal and Ohio constitutional rights including due process and equal protection. Gillespie also requested that additional evidence be taken. The trial court granted the request for additional evidence after finding that Council's decision lacked a record which contained a statement of the factual basis for council's decision.

On January 2, 1986, Gillespie also sought injunctive relief and declaratory judgment in a separate action filed against Stow, which addressed Council's rezoning of the Gillespie property: that the rezoning was a taking without just compensation, denied him due process and equal protection and was otherwise unconstitutional. The trial court consolidated the R.C. 2506 appeal with the original declaratory judgment cause of action. The matters were referred to a referee.

The referee conducted one hearing but made separate findings of fact and conclusions of law as to each of the cases. In the R.C. 2506 appeal, the referee determined that the conditions which Council imposed were within its zoning power and that Gillespie had the choice to accept the conditions or not. As to the rezoning, the referee found that the procedural requirements were followed and that the rezoning was a legitimate act of police power.

Despite Gillespie's objections, the trial court determined that no errors of law appeared in either report, and that the findings of fact were sufficient for the trial court to make an independent analysis of the issues presented. The trial court relied upon *Lawsons Co.* v. *City of Stow Council* (Mar. 4, 1987) , Summit App. No. 12680, unreported, in finding that a conditional use certificate may be denied on the basis that the proposed use violates the zoning ordinance. The trial court stated that Gillespie refused to provide for necessary sidewalks and turn out lanes and to otherwise make the proposal conform with applicable city ordinances. The trial court also found that there were no violations of Gillespie's constitutional rights.

During the period when *D'Amico* v. *Stow, supra* ( the section 1983 action) was on remand from this court, the trial court decided the R.C. 2506 appeal and declaratory judgment action. *Gillespie* v. *Stow, supra*. Stow moved for summary judgment in the *D'Amico* v. *Stow* action on the grounds that *res judicata* and collateral estoppel barred further litigation of the constitutional issues set forth in the 1983 action. Based on the trial court's decision in *Gillespie* v. *Stow* the *D'Amico* court agreed with Stow and determined that *res judicata* barred Gillespie from relitigating these constitutional claims.

Gillespie appealed the trial court's decision in his R.C. 2506 and declaratory judgment actions. *Gillespie* v. *Stow* (Dec. 13, 1989), Summit App. No 13915, unreported. In that appeal, Gillespie challenged the trial court's decision as to the constitutional issues related to the rezoning of the property. We determined that:

"The trial court properly addressed the substantive due process issue. The record supports the referee's findings that Gillespie failed to establish that the rezoning was not rationally related to a legitimate exercise of police power. The record supports the finding that the rezoning was not confiscatory.

"Concerning the procedural due process issue, the referee concluded that stow did not violate procedural requirements in adopting the rezoning ordinance. In fact, the referee concluded that Gillespie did not assert this claim. We disagree.

"Gillespie asserted a violation of procedure in the complaint and raised numerous procedural questions at the hearing before the referee. We note that a stipulation was entered as to the adequacy of public notice. However, Stow did not introduce evidence to support their claim that

the Code was properly amended. The record contains testimony concerning procedure, but that testimony concerned both the conditional use application and the rezoning. Witnesses who testified were involved in both procedures. We find no evidence to support the finding that the rezoning procedure properly amended the Code. Any evidence upon which the trier of fact could have relied to determine this issue was so tainted as to lack competence and credibility in determining factual issues concerning the rezoning. Gillespie raised an objection to the referee's findings and preserved this error for appeal.

"Gillespie also contended in the trial court that even if the zoning resolution was constitutional on its face, the application to Gillespie was unconstitutional. Gillespie argues before this court that the subject property was singled out for unfair treatment.

"In addressing this issue, the referee concluded that Stow was free to make a legislative determination of whether it was to enact the new zoning ordinance, or to adopt Gillespie's proposal. The referee also concluded that Stow was not required to act upon Gillespie's proposal before rezoning the property. We disagree.

"At the time Gillespie presented the proposal to Stow, the property was zoned C-2. Gillespie had the right to expect that the planning commission and council would act within the law as provided in the Stow City Charter. Section 10.06 requires council to act upon a planning commission recommendation within a specified time. A writ of mandamus was required to bring council in compliance with the Charter.

"Council was not free to make a legislative decision concerning the Gillespie proposal. The proposal required an administrative act. Council was not free to choose between the Gillespie proposal and the rezoning.

"Council was free to rezone the property. On its face, the rezoning is rationally related to a legitimate purpose. However, when applied to Gillespie, the purpose is illegal as violative of the code. The rezoning cannot be applied to deny Gillespie the right to use the property as C-2. Even if the rezoning could legally apply to the Gillespie property, the proposed uses would become non-conforming uses pursuant to Section 153.171 (G).

"The trial court erred as a matter of law in finding that the rezoning was constitutional in its application to the subject property. Council cannot choose to substitute a legitimate legislative purpose in order to rectify an illegal administrative act. *D'Amico* v. *Stow* (Dec. 13, 1989) Summit App. No. 13915, unreported."

In *Gillespie* v. *Stow, supra,* we also found that Stow improperly denied Gillespie's certificates. We remanded to the trial court to render judgment ordering Stow to grant the appropriate certificates with such pertinent and necessary requirements and or conditions as are consistent with the zoning code.

In this appeal from the trial court's granting of Stow's summary judgment motion in the 1983 action on *res judicata* grounds, Gillespie assigns one error.

### ASSIGNMENT OF ERROR

"The trial court erred in her *finding and order* issued on April 25, 1989, wherein she sustained defendants, City of Stow and individual councilpersons' motion for summary judgment and found that the doctrine of res judicata precluded further consideration of defendants' cross-claim."

Stow challenges Gillespie's assignment or error on the grounds that Gillespie litigated or could have litigated these issues in the administrative appeal and declaratory judgment actions. *Rogers* v. *Whitehall* (1986), 25 Ohio St. 3d 67, 69. Gillespie contends that *res judicata* does not bar his section 1983 action because *res judicata* was not properly raised as an affirmative defense in a responsive pleading but rather though a motion for summary judgment. Gillespie also contends that because the Section 1983 action includes the councilpersons in their individual as well as official capacities whereas the *Gillespie* v. *Stow* case named only the city, the members of council in their official capacities, the director of planning and development and the attorney general as party defendants, the parties are different. He contends that the state court remedies sought in the declaratory judgment are insufficient.

We address first whether *res judicata* was properly raised in the motion for summary judgment. Under Civ. R. 8(C) *res judicata* is an affirmative defense to be raised in a responsive pleading. *Johnson* v. *Linder* (1984), 14 Ohio App. 3d 412, 414. If raised in a summary judgment motion the moving party must properly assert the affirmative defense and present a factual basis sufficient to sustain the defense. *Id.* at 415. Here, the affirmative defense of *res judicata* was based on the trial court's decision in *Gillespie* v. *Stow, supra.*

Stow's initial answer to the complaint raised *res judicata* and collateral estoppel based on the antitrust and conspiracy claims. In its first

answer, Stow could not have raised *res judicata* as to the *Gillespie* v. *Stow* judgment because that judgment was rendered long after Stow's answer in the *D'Amico* case was filed. At the stage of litigation under issue, Stow could have sought to amend its pleadings as permitted under Civ. R. 15(C) or raised the defense in the summary judgment motion. Stow chose to use the summary judgment motion as its vehicle. Gillespie's argument is without merit. We turn now to the applicability of *res judicata* as a bar to the 1983 action.

*Res judicata* has two forms, claim preclusion and issue preclusion. Claim preclusion prevents a plaintiff from relitigating the same cause of action against the same defendant. *Trautwein* v. *Sorgenfrei* 1979, 58 Ohio St. 2d 493. Issue preclusion, or collateral estoppel, prevents the relitigation in a second action of an issue that has been actually and necessarily litigated and determined in a prior action which was based on a different cause of action. *Id.* Both claim preclusion and issue preclusion generally require mutuality of parties in order to further the public policy behind the doctrine and to satisfy the requirements of due process.

In Ohio, the general rule is that mutuality of parties is required for collateral estoppel. It operates only where all parties to the present proceeding were bound by the prior judgment. A judgment must preclude both parties before it will preclude either party from relitigating an issue. *Goodson* v. *McDonough Power Equip., Inc.* (1983), 2 Ohio St. 3d 193, paragraph one of the syllabus.

The trial court in this action determined that the trial court's decision in the declaratory judgment action and R.C. 2506 appeal litigation bar further litigation of the constitutional issues relating to the rezoning. We consider this finding first as it relates to the mutuality of parties.

Gillespie argues that in the 1983 action he has named the councilpersons in their individual and official capacities whereas in the prior declaratory judgment action he named the councilpersons in their official capacities only. A suit against a public servant in his official capacity generally represents an action against the entity which that public servant serves. *Brandon* v. *Holt* (1985), 469 U.S. 464, 471. Thus the Gillespie declaratory judgment action, by naming the councilpersons in their representative capacities, would have, if successful, imposed liability on the entity rather than individuals. *Id.* at 471.

The issue before us is whether the declaratory judgment in favor of the councilpersons as nominal parties in their representative capacities is sufficient to establish that the issues as they relate to the individual and representative capacities of the councilpersons are so inextricably intertwined in this case as to relax the general rule of mutuality of parties relating to those identical issues which were litigated, determined, and essential to the judgment in the prior actions. *McCrory* v. *Children's Hospital* (1986), 28 Ohio App. 3d 49, 53. In our analysis we are mindful that, in terms of liability, the distinction or ramifications thereof are critical. *Brandon, supra.* We find, however, that the facts before us necessitate a relaxation of the general rule of mutuality of parties. *McCrory* v. *Children Hospital, supra.*

We turn now to our analysis of whether each of the constitutional issues was fully litigated in the declaratory judgment and R.C. 2506 appeal so as to estop Gillespie from relitigating them now. In *Gillespie* v. *Stow* the trial court found that the rezoning had not violated any of Gillespie's constitutional rights. On appeal, we found that the trial court's decision as to the constitutional issues of taking property without just compensation was supported by the evidence and that Gillespie failed to establish that the rezoning was not rationally related to the legitimate exercise of police power. *Gillespie* v. *Stow, supra. Res judicata* bars further litigation on these exact issues.

On appeal, we found the record evidence did not support the trial court's finding as to the procedural due process issue and that the application of the ordinance to Gillespie was constitutional. Thus, we reversed the judgment of the trial court as to those issues. We found the ordinance unconstitutional as applied to Gillespie. Our instructions on remand were that the trial court was to render a judgment ordering Council to grant the appropriate certificates which Gillespie seeks and to declare the ordinance unconstitutional as applied to Gillespie.[1]

One of the advantages of a 1983 action is that an aggrieved party may seek compensatory and punitive damages for any violations. Only attorney's fees and other equitable relief is possible in a declaratory judgment action. Thus we decide whether those issues decided by the trial court and affirmed by us as well as those upon which we reversed and ordered relief, bar further actions on the 1983 action as it relates to compensatory and punitive damages. Relief has

been granted. Gillespie had control over this litigation and it was within his ambit to determine the strategy to pursue and in which forum he would litigate. Here, where Gillespie has had a fair opportunity to fully litigate these issues and receive relief, judicial economy requires an end. We will certainly not permit a relitigation of identical issues solely because the remedy has been unsatisfactory. *Res judicata* bars claims which were or could have been raised. *Rogers* v. *Whitehall, supra.*

Accordingly, we find that the trial court correctly applied *res judicata* to bar further action. Gillespie's assignment of error is overruled. We affirm the trial court's decision.

*Judgment affirmed.*

REECE, P.J., and CACIOPPO, J., concur.

----

[1] On January 22, 1990, a motion to certify *Gillespie* v. *Stow* (Dec. 13, 1989), Summit App. No. 13915, unreported, was filed with the Supreme Court of Ohio. No further action has been taken. Our judgment was stayed pending the decision of the Ohio Supreme Court.