977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mary E. Miller HALL, Plaintiff-Appellant,
v.
Alexander ROBINSON, as Trustee for Nellie J. Robinson and
the and the Trust Fund for Nellie J. Robinson,
Defendant-Appellee.
 No. 92-15142.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 27, 1992.*
Decided Oct. 5, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mary Miller Hall, pro se, timely appeals the dismissal with prejudice[1] of her complaint against the Nellie J. Robinson Trust, and her brother, Alexander Robinson, as Trustee. The district court determined that Hall had brought a case in Ohio state court which involved the same issues. Hall's state court suit was dismissed on summary judgment, therefore, the district court held that Hall was collaterally estopped from bringing the present suit. We vacate the judgment and remand the case to the district court for a determination of subject matter jurisdiction.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 This case involves a dispute over the sale of the family home and the creation and administration of a family trust. Mary Hall, a resident of Arizona, has sued the Nellie J. Robinson Trust and Alexander Robinson, a resident of Illinois, as Trustee, alleging that the Trust was established with funds stolen from their mother, Nellie Robinson. Hall also seeks to recover from the Trust, funds she contributed to her mother's support.
 
 
 4
 Hall claims that Robinson and another sibling, Marie Black, stole over $50,000 from their mother's various bank accounts. According to Hall, when she threatened legal action over the stolen funds, Robinson set up the Trust with himself as trustee as a means of covering up the theft and protecting the stolen funds.[2] Hall maintains that a portion of this money came from the sale of the family home in which Hall, at one time, had a half interest. Hall alleges that Black fraudulently induced her to transfer her interest in the home back to her mother.
 
 
 5
 Hall has not named Black as a defendant in the present suit, however, she brought suit against Black in Ohio state court. In the Ohio suit, Hall alleged that Black: 1) fraudulently induced Hall to pay for Black's college education; 2) fraudulently induced Hall to convey her one half interest in the family home, and 3) misappropriated the funds from the sale of the home. Black moved for summary judgment dismissing Hall's complaint. The Ohio state court granted Black's motion, holding that Hall had failed to show there was a genuine issue of material fact, and that as a matter of law, Black was entitled to summary judgment.
 
 
 6
 Robinson moved to dismiss Hall's complaint in the present case. In its order, the district court first determined that Hall could not provide it with the amount in controversy since she did not know the value of the family home or the amount of the sale. However, the court did not resolve this issue. It concluded that Hall's Ohio state suit against Black involved the same issues as her suit against Robinson and the Trust. Thus, the court held that Hall was collaterally estopped from bringing this suit, and ordered her complaint dismissed with prejudice.
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 7
 Our jurisdiction to examine the jurisdiction of the district court is conferred by 28 U.S.C. § 1291. Sederquist v. Court, 861 F.2d 554, 555 (9th Cir.1988). Jurisdiction is reviewed de novo. Id. The availability of collateral estoppel is also reviewed de novo. Carter v. United States, --- F.2d ----, No. 90-16683 10543, 10548 (9th Cir. Sept. 1, 1992); Clark v. Bear Sterns & Co., 966 F.2d 1318, 1320 (9th Cir.1992).
 
 III.
 DISCUSSION
 A. Subject Matter Jurisdiction
 
 8
 As a preliminary matter, this court must satisfy itself that the district court had subject matter jurisdiction. Latch v. United States, 842 F.2d 1031, 1032 (9th Cir.1988). Here, no federal question is presented, and although the parties are residents of different states, in order for the district court to have had diversity jurisdiction, the amount in controversy had to exceed $50,000. 28 U.S.C. § 1332(a). The court indicated, however, that it could not determine the amount in controversy because Hall could not provide it with the value of the family home or the amount of its sale.
 
 
 9
 Hall alleged that only part of the funds stolen from their mother's bank accounts was from the sale of the family home, thus, the amount in controversy should not be limited to the value of the home or its sale price. However, like the district court, we cannot determine the amount in controversy. As a result, we must vacate the judgment of dismissal, and remand the case to the district court for it to determine whether the amount in controversy exceeds $50,000. See Latch, 842 F.2d at 1033. See also Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 363-64 (9th Cir.1986) (applying test for amount in controversy).
 
 B. Collateral Estoppel
 
 10
 Even if the district court had jurisdiction, we have grave doubts regarding the court's use of collateral estoppel to bar all the claims Hall has made in her complaint.
 
 
 11
 Collateral estoppel bars the relitigation of issues that have been actually determined and necessarily litigated in an earlier proceeding. Garrett v. City and County of San Francisco, 818 F.2d 1515, 1520 (9th Cir.1987). Federal courts follow the collateral estoppel rules from the state in which the judgment arose in determining the preclusive effect of the state court judgment. Garrett, 818 F.2d at 1520.
 
 
 12
 As a general rule, Ohio requires mutuality of parties in order for collateral estoppel to be available. Goodson v. McDonough Power Equip., 2 Ohio St.3d 193, 198, 443 N.E.2d 978, 984 (1983). However, this rule may be relaxed where justice may reasonably require it. Id. Under Ohio law, nonmutual collateral estoppel is available only when the identical issue was actually litigated, directly determined and essential to the judgment in the prior action. Id. at 985; McCrory v. Children's Hosp., 28 Ohio App.3d 49, 52, 501 N.E.2d 1238, 1242 (1986).
 
 
 13
 Here, there is no mutuality of parties. A review of the record indicates that the only issues in the Ohio suit against Black that are identical to issues in the instant case are: 1) whether Black fraudulently induced Hall to convey her half interest in the family home, and 2) whether Black misappropriated the proceeds from the sale of the home. The suit against Black, however, did not involve the issues of: 1) whether Robinson stole money from their mother's bank accounts that was not attributable to the sale of the family home, 2) whether Robinson set up the Trust to conceal his alleged theft and protect the proceeds, and 3) whether Hall may recover from the Trust, funds she claims she contributed to her mother's support.
 
 
 14
 Since these issues were not actually litigated, directly determined and essential to the summary judgment entered in the Ohio state court suit, we seriously doubt that collateral estoppel would be available to preclude Hall from litigating these issues even were the district court to find it had jurisdiction. We make no finding to that effect, however.
 
 
 15
 VACATED AND REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court ordered the complaint dismissed with prejudice. However, on January 2, 1992, a judgment was entered dismissing the complaint without prejudice. On January 6, 1992, Hall filed a notice of appeal. On January 9, 1992, an amended judgment was filed dismissing the complaint with prejudice
 The amended judgment was entered to correct an error and reflect the court's intent to dismiss the complaint with prejudice. Therefore, even though the amended judgment was entered after the notice of appeal was filed, and the district court did not request leave of this court under Fed.R.Civ.P. 60(a) to make the correction, a "remand to effectuate that intent is a matter of 'mere form.' " Huey v. Teledyne, Inc., 608 F.2d 1234, 1237 (9th Cir.1979). Thus, for purposes of this appeal, we will consider the complaint to be dismissed with prejudice. Id.
 Further, since the amended judgment was entered to correct an error and reflect the actual intention of the district court, Hall's previously filed notice of appeal is still valid. Hasbrouck v. Texaco, Inc., 879 F.2d 632, 636 (9th Cir.1989).
 
 
 [2]
 Hall, as one of Nellie Robinson's children, is a beneficiary of the Trust