OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Freeman, Admr., Appellee, v. Holzer Medical Center, Appellant,
et al.
[Cite as Freeman v. Holzer Med. Ctr. (1993),     Ohio St.3d
.]
Appellate procedure -- Supreme Court jurisdiction -- Certified
     conflict case -- Dismissal of appeal when no conflict
     exists -- Appeal dismissed as improvidently allowed, when.
(Nos. 92-1169 and 92-1005 -- Submitted March 10, 1993 --
Decided June 30, 1993.)
     Certified by and Appeal from the Court of Appeals for
Gallia County, No. 91 CA 8.


     Wilcox, Schlosser & Bendig Co., L.P.A., and Charles H.
Bendig; and John J. Duffey, for appellee.
     Earl, Warburton, Adams & Davis, Ted L. Earl and Grier D.
Schaffer, for appellant.


     The cause in case No. 92-1169 came before this court upon
the certification of the court of appeals that its judgment
conflicted with the judgment of the Court of Appeals for
Franklin County in McCrory v. Children's Hosp. (1986), 28 Ohio
App.3d 49, 28 OBR 61, 501 N.E.2d 1238, upon the following
question:
     "* * * [W]hether a party is provided a full and fair
opportunity to litigate issues in the Court of Claims such that
the rule requiring a mutuality of parties may be relaxed and
[that appellee Joy L. Freeman] can be collaterally estopped
from relitigating those issues in subsequent jury trials
against different parties."
     Having examined McCrory and the record in the present
cause, we find that the judgments do not conflict on the
certified question.  Accordingly, the appeal is dismissed.
State v. Palider (1987), 33 Ohio St.3d 68, 514 N.E.2d 873; Cook
v. Mayfield (1988), 37 Ohio St.3d 44, 523 N.E.2d 502; Hays v.
St. Elizabeth Hosp. Med. Ctr. (1988), 38 Ohio St.3d 60, 526
N.E.2d 307; State v. Radar (1989), 47 Ohio St.3d 112, 548
N.E.2d 210; State v. Parobek (1990), 49 Ohio St.3d 61, 550
N.E.2d 476; Whitelock v. Gilbane Bldg. Co. (1993), 66 Ohio

St.3d    ,    N.E.2d    , paragraph one of the syllabus; and Section 3(B)(4), Article IV, Ohio Constitution.

Finding no conflict on the certified question, we dismiss the appeal in case No. 92-1005 as having been improvidently allowed.

A.W. Sweeney, Acting C.J., Spellacy, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Leo M. Spellacy, J., of the Eighth Appellate District, sitting for Moyer, C.J.