FREEMAN, ADMR., APPELLEE, v. HOLZER MEDICAL CENTER, APPELLANT, ET AL.

[Cite as *Freeman v. Holzer Med. Ctr.* (1993), 66 Ohio St.3d 601.]

(Nos. 92–1169 and 92–1005—Submitted March 10, 1993—Decided June 30, 1993.)

*Wilcox, Schlosser & Bendig Co., L.P.A.,* and *Charles H. Bendig;* and *John J. Duffey,* for appellee.

*Earl, Warburton, Adams & Davis, Ted L. Earl* and *Grier D. Schaffer,* for appellant.

The cause in case No. 92–1169 came before this court upon the certification of the court of appeals that its judgment conflicted with the judgment of the Court of Appeals for Franklin County in *McCrory v. Children's Hosp.* (1986), 28 Ohio App.3d 49, 28 OBR 61, 501 N.E.2d 1238, upon the following question:

" * * * [W]hether a party is provided a full and fair opportunity to litigate issues in the Court of Claims such that the rule requiring a mutuality of parties may be relaxed and [that appellee Joy L. Freeman] can be collaterally estopped from relitigating those issues in subsequent jury trials against different parties."

Having examined *McCrory* and the record in the present cause, we find that the judgments do not conflict on the certified question. Accordingly, the

appeal is dismissed. *State v. Palider* (1987), 33 Ohio St.3d 68, 514 N.E.2d 873; *Cook v. Mayfield* (1988), 37 Ohio St.3d 44, 523 N.E.2d 502; *Hays v. St. Elizabeth Hosp. Med. Ctr.* (1988), 38 Ohio St.3d 60, 526 N.E.2d 307; *State v. Radar* (1989), 47 Ohio St.3d 112, 548 N.E.2d 210; *State v. Parobek* (1990), 49 Ohio St.3d 61, 550 N.E.2d 476; *Whitelock v. Gilbane Bldg. Co.* (1993), 66 Ohio St.3d 594, 613 N.E.2d 1032, paragraph one of the syllabus; and Section 3(B)(4), Article IV, Ohio Constitution.

Finding no conflict on the certified question, we dismiss the appeal in case No. 92–1005 as having been improvidently allowed.

A.W. SWEENEY, Acting C.J., SPELLACY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

LEO M. SPELLACY, J., of the Eighth Appellate District, sitting for MOYER, C.J.