[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 79.]

COPECO, INC., APPELLEE, *v.* CALEY ET AL., APPELLANTS.

[Cite as *Copeco, Inc. v. Caley*, 1994-Ohio-36.]

*Appellate procedure—Supreme Court jurisdiction—Actual conflict between appellate districts on rule of law must exist before certification of conflict is proper—Journal entry certifying conflict must clearly set forth rule of law upon which alleged conflict exists.*

(No. 93-399—Submitted March 23, 1994—Decided April 27, 1994.)

CERTIFIED by the Court of Appeals for Stark County, No. CA-8776.

_____

*Ronald G. Figler*, for appellee.

*Keith R. Hofer* and *Don E. Lombardi*, for appellants.

_____

{¶ 1} This cause is before this court upon the certification of the Court of Appeals for Stark County that its judgment conflicted with the judgment of the Court of Appeals for Summit County in *Prinz Office Equip. Co. v. Pesko* (Jan. 31, 1990) Summit App. No. 14155, unreported,    WL   .

{¶ 2} Having examined Prinz Office Equip. Co. and the record in the present cause, we find that the judgments do not conflict. Furthermore, the court of appeals in certifying the case did not clearly set forth the rule of law upon which the alleged conflict exists. Accordingly, the appeal is dismissed. *Whitelock v. Gilbane Bldg. Co.* (1993), 66 Ohio St.3d 594, 613 N.E.2d 1032; *Freeman v. Holzer Med. Ctr.* (1993), 66 Ohio St.3d 601, 613 N.E.2d 1037; *State v. Parobek* (1990), 49 Ohio St.3d 61, 550 N.E.2d 476; *State v. Radar* (1989), 47 Ohio St.3d 112, 548 N.E.2d 210; *Hays v. St. Elizabeth Hosp. Med. Ctr.* (1988), 38 Ohio St.3d 60, 526 N.E.2d 307; *Cook v. Mayfield* (1988), 37 Ohio St.3d 44, 523 N.E.2d 502; *State v. Palider* (1987), 33 Ohio St.3d 68, 514 N.E.2d 873.

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

_____